IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-12-377-D |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability benefits and supplemental security income benefits. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On March 6, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 16] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d

at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, Plaintiff alleged she was disabled because of osteoarthritis in her lower back and hip, as well as depression and anxiety. Her medical and psychological history is explained in detail in the Report and Recommendation at pages 2-5 and need not be repeated here, as Plaintiff does not dispute the accuracy of that summary. Instead, Plaintiff contends in her objection that the Magistrate Judge incorrectly determined that the ALJ's opinion was not based on error. More specifically, Plaintiff contends that the ALJ erred when he relied on the testimony of a vocational expert because the expert's citations to the Department of Labor's Dictionary of Occupational Titles ("DOT") were incorrect. Plaintiff contends that, if the DOT references utilized by the Vocational Expert were applied to her, she could not perform the jobs described by the DOT.

In the Report and Recommendation, the Magistrate Judge explained that the ALJ's decision denying Plaintiff's claim for disability benefits included the factual determination that she has severe impairments but that she is capable of performing light work. Report and Recommendation at p. 8. The ALJ further found that her ability to perform light work was limited to occasional stooping and no more than frequent climbing, balancing, kneeling, crouching, and crawling. He further found she had the ability to perform simple tasks and some complex tasks, to relate to others on a

superficial basis, and to adapt to a work situation. *Id.*

As the Magistrate Judge noted, the ALJ found that, with the foregoing residual functional capacity, Plaintiff could perform several jobs which exist in the national economy. Based on the testimony of the vocational expert, these were identified as electronics assembler, laundry worker, and packing machine operator. However, the Magistrate Judge found that Plaintiff correctly contends the vocational expert, in listing these jobs, cited to an incorrect DOT numerical citation. He identified the job of "electronics assembler" as defined by DOT 726.682-014, which actually describes the job and classification of a "wire-wrapping machine operator." He also identified the position of "laundry worker" as defined by DOT 589.685-038, when that definition actually applies to the position of "dry cleaner." Finally, the vocational expert misidentified the position of "packing machine operator" as DOT 920.685-026, which actually describes the position of "bottle packer."

Although noting these factual errors, the Magistrate Judge concluded that the ALJ's reliance on the vocational expert's testimony constituted harmless error because the correct positions identified by the DOT citations used by the expert are within the residual functional capacity of Plaintiff. As the Magistrate Judge noted, the ALJ determined that Plaintiff retains the ability to perform work at the light exertional level. Contrary to Plaintiff's contention, the ALJ did not conclude she could perform only sedentary work. The position of "wire-wrapping machine operator" is described by the DOT as involving light work that is unskilled, and the ALJ concluded Plaintiff can perform light unskilled work. In addition, the position of "dry cleaner" is described by the DOT as requiring light, unskilled work, and Plaintiff's residual functional capacity allows her to perform such work. Finally, the "bottle packer" position is described by the DOT as involving light, unskilled work, and the ALJ concluded that Plaintiff is capable of performing such work.

The ALJ made the determination at step five of the required five-step sequential evaluation. At step five, the ALJ is required to determine that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience, and the Commissioner bears the burden of establishing this factor. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In this case, although the vocational expert provided the wrong job titles for the DOT positions identified, the record reflects that Plaintiff has the residual functional capacity to perform those positions.

In her objection, Plaintiff argues that other decisions have rejected ALJ findings based on incomplete DOT job descriptions. For example, in *Thomas v. Astrue,* CIV-12-595-L, the Magistrate Judge noted that the vocational expert did not reference *any* citations to the DOT, but merely listed job titles. The failure to provide a reference from which the ALJ could determine the described job could be performed by the claimant resulted in a reversal and remand to the Commission.

That decision is distinguishable from this case because, unlike the vocational expert in *Thomas,* the vocational expert in this case identified jobs which required performance of functions which are within the scope of Plaintiff's residual functional capacity. That he provided the wrong job title does not alter the fact that the DOT reference number described a job, albeit with a different title, that Plaintiff had the residual functional capacity to perform.

Other decisions cited by Plaintiff are also distinguishable from this case. In *Bode v. Astrue*, CIV-10-841-HE, the Magistrate Judge concluded that the job descriptions on which the vocational expert relied required "light" work, while the vocational expert testified that a person limited to sedentary work could perform those jobs. However, the ALJ had concluded that the claimant had limitations which would not permit performance of all requirements of that level of work. Thus, the

decision was not supported by substantial evidence, and the error in relying on the vocational expert's testimony was not harmless.  In contrast, the ALJ in this case did not make findings which support limitations beyond the scope of the jobs defined by the correct DOT numerical citation.

In *Schulte v. Astrue,* CIV-10-959-R and *George v. Astrue*, CIV-06-876-M, the vocational expert described broad categories of job titles which contained subdivisions describing specific jobs having varying physical or mental requirements, and he did not identify specific jobs within those subdivisions.  Because there was no evidence to support a finding that the claimant's specific residual functional capacity permitted performance of all positions within the broad category, the assigned magistrate judge in each case recommended reversal and remand to the Commission for further evidentiary findings.  The parties did not object to those recommendations, and both were adopted.

In this case, the record reflects that, unlike the records in the foregoing decisions, there was substantial evidence to support the ALJ's determination that Plaintiff retained the residual functional capacity to perform the requirements of the positions identified in the DOT numerical definitions cited by the vocational expert.  That he misidentified the titles assigned to those numerical definitions does not alter the fact that there was substantial evidence supporting the conclusion that Plaintiff had the residual functional capacity to perform the jobs which were defined by the DOT.

Furthermore, Plaintiff points to no medical evidence in the record showing that the ALJ's decision regarding her physical and mental abilities was incorrect or contrary to the evidence.  As the Magistrate Judge pointed out in the Report and Recommendation, the ALJ also took into consideration Plaintiff's limited education in determining her ability to perform certain job responsibilities, and this was at least a partial basis for the conclusion that she was limited to the

performance of unskilled work.  Plaintiff cites to no evidence that would conflict with his findings, and the Magistrate Judge correctly determined the ALJ's findings are supported by substantial evidence in the record.

Having fully considered the matter *de novo*, the Court concludes that the Magistrate Judge correctly determined the decision should be affirmed.  The Court agrees that the errors resulting from the vocational expert's mislabeling of the job descriptions supported by DOT numerical citations were harmless because the numerical citations identified jobs which are within the residual functional capacity of Plaintiff.

For these reasons, the Report and Recommendation [Doc. No. 16] is adopted as though fully set forth herein.  The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 16th day of April, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE